948 F.2d 1291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Lee MORSE, a/k/a Lord Lebaron C. Penndergrass,
Defendant-Appellant
 No. 91-1249.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1991.
 
 Before MERRITT, Chief Judge, ALAN E. NORRIS, Circuit Judge, and GODBOLD, Senior Circuit Judge.*
 MERRITT, Chief Judge.
 
 
 1
 The defendant, a black man, was indicted for four bank robberies and related firearms offenses committed in Michigan over a five-week period in late 1989 and early 1990. When arrested in Indiana on a warrant for a bank robbery committed in that state, defendant possessed five "bait" bills taken from a Gary, Indiana bank that had been robbed the day before his arrest.
 
 
 2
 The defendant was tried in the Western District of Michigan's Southern Division. With 2.11 percent of that division's population being black, defense counsel moved for a mistrial before commencement of jury selection on the basis that minority underrepresentation in the jury venire violated defendant's rights under the Sixth Amendment. After testimony was received from the court clerk and jury administrator, who testified that 2.49 percent of the Southern Division's master jury wheel was comprised of black citizens of that division, the District Court denied the motion for mistrial.
 
 
 3
 At trial, the government sought to admit evidence of the Indiana robbery, including eyewitness testimony, bank surveillance photographs and the seized bait money, as evidence against the defendant under Federal Rule of Evidence 404(b). Due to its potentially prejudicial effect, the judge initially denied this request. Later, after defense counsel cross-examined a Michigan police detective about recovery of similar bait bills from the Michigan robberies, the government renewed its Rule 404(b) motion on the grounds that counsel had "opened the door" to admission of such evidence by his questioning of the detective. The District Judge accepted this reasoning and limited the government's request to admission of the bait money seized from the defendant at the time of his arrest. The defendant appeals both the District Court's Rule 404(b) evidentiary ruling and its denial of his motion for mistrial.
 
 
 4
 Federal Rule of Evidence 404(b) provides for admission of alleged prior bad acts as follows:
 
 
 5
 Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 6
 Admissibility of "bad acts" evidence under this rule requires a court to scrutinize, first, whether the evidence serves a purpose, authorized by Rule 404(b); if so, the court then must weigh whether the evidence's probative value is outweighed by its potentially prejudicial effect. United States v. Vance, 871 F.2d 572, 575-76 (6th Cir.1989).
 
 
 7
 The District Court erred in its decision to admit the evidence regarding the bait bills seized from the defendant at the time of his arrest. Contrary to the government's argument that defense counsel had "opened the door" for admission of the bait bills, the defendant's questioning during cross-examination related solely to whether any bait bills taken in Michigan bank robberies had been recovered; this questioning did not relate to any bait bills taken during the Indiana robberies. Moreover, although the District Judge accepted the government's theory that the bait bills were admissible under Rule 404(b) for purposes of establishing identity, this evidence also did not identify this defendant as the robber of the Michigan banks for which he was indicted. Rather, such evidence only tended to establish that whoever robbed the Indiana bank from which these bills were taken had a general propensity to rob banks, perhaps including banks in Michigan. This is the type of character evidence specifically excluded by Rule 404(b). Thus, the District Court erred in its determination that this evidence was admissible under the rule.
 
 
 8
 Nonetheless, we are satisfied that this error, at the most, was harmless. Federal Rule of Criminal Procedure 52(a) specifies:
 
 
 9
 Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.
 
 
 10
 The additional evidence adduced against the defendant included the testimony of six tellers present at the robbed banks; two relatives of the defendant; witnesses to whom the defendant made admissions regarding his involvement in bank robberies; and bank surveillance photographs, depicting a man identified by several witnesses as the defendant. The abundance of the evidence from which the jury could reasonably find the defendant guilty is such that we are convinced that this error was not of a type that materially affected the verdict. See United States v. Martin, 897 F.2d 1368, 1372 (6th Cir.1990); Fed.R.Crim.P. 52(a).
 
 
 11
 Likewise, we reject the defendant's challenge to the racial composition of the master jury wheel. In essence, the defendant theorizes that adequate jury representation for his case requires the master jury wheel's minority membership to mirror the ethnic makeup of the nation, the state of Michigan as a whole, or the racial makeup of the state's urban areas. Thus, the defendant would have us read the Sixth Amendment to require that the racial composition of a jury venire must proportionally exceed that of the community from which it is drawn. This argument, however, is manifestly not what the amendment requires, and the defendant has produced no authority for so expansive a reading of the amendment. See generally Duren v. Missouri, 439 U.S. 357 (1979); Taylor v. Louisiana, 419 U.S. 522, 538 (Sixth Amendment does not require each criminal petit jury actually to "mirror the community and reflect the various distinctive groups in the population" exactly); Booker v. Jabe, 775 F.2d 762, 768 (6th Cir.1985). This issue is without merit.
 
 
 12
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable John C. Godbold, Senior Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation